**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Alice Jean Vasko | ) | Case No. 16-14014-BFK |
| | ) | |
| Debtor | ) | Chapter 13 |
| | ) | |

## PRELIMINARY RESPONSE TO OBJECTION TO PROOF OF CLAIM #6

Hoya Federal Credit Union (hereinafter "Hoya FCU"), a federally chartered credit union, by undersigned counsel, hereby preliminarily[1] responds to the Objection to Proof of Claim #6 (doc. 32) ("Objection to Proof of Claim") filed by the Debtor, Alice Jean Vasko ("Debtor"), as follows:

1.  The Debtor filed this Chapter 13 case on November 28, 2016 ("Petition Date").

2.  As indicated in Hoya FCU's timely proof of claim, filed April 6, 2017, Claim # 6 on the Claims Register ("Proof of Claim"), on or about September 5, 2008, the Debtor executed and delivered to Hoya FCU a Note and Disclosure Statement in the principal amount of $65,000.00, with interest at a rate of 7.25% per annum, which loan is secured by a Deed of Trust executed by the Debtor and recorded in the Land Records of Prince William County, Virginia, as to the Debtor's real property located at 15378 Inlet Place, Dumfries, VA 22026. The Proof of Claim indicated that as of the date this case was filed, there were arrears of $4,573.10 on this loan.

---

[1] The Amended Notice filed and served April 19, 2017 (doc. 34) states that a response to the Objection to Proof of Claim is due on or before fifteen days from the date of that Notice, which would make May 5, 2017 the response deadline. However, per Local Bankruptcy Rule 3007-1(D), the deadline to respond is "within 30 days of service if a notice of opportunity to request a hearing is given, or 7 days prior to the hearing if the objection is accompanied by a notice of hearing." Accordingly, the actual response deadline should be either May 19, 2017 or (because the Amended Notice set a hearing date of June 1, 2017) May 25, 2017. Hoya FCU reserves its right to supplement this Preliminary Response by the applicable response deadline.

3. In Debtor's Objection to Proof of Claim, she asserts that "the basis of said arrearages are not explained in the Claim filed nor its attachments as it does not contain any sort of history of the account" and that "Debtor is unaware of any such charges that have not been paid on a timely basis."

4. In fact, monthly statements for this loan indicate that the Debtor has been past-due on this loan (identified as "L016" on the monthly statements, excerpts of which are attached hereto as **Exhibit A**) since August 2013. Although the Debtor has sporadically made payments on the loan since August 2013, the loan has not been current at any time since August 25, 2013. As indicated by the attached statement for the period of November 1, 2016 through November 30, 2016, on the Petition Date the loan was past due for the monthly payments due May 25, 2016 through the Petition Date.

5. Hoya FCU reserves the right to supplement this Response to Debtor's Objection to Proof of Claim.

**WHEREFORE**, Hoya Federal Credit Union requests that this Court DENY the Debtor's Objection to Claim (doc. 60) and grant Arlington Community FCU such other and further relief as this Court deems just and proper.

Respectfully submitted,

FELDMAN AND ASSOCIATES, P.C.

By:  */s/: William R. Feldman*
William R. Feldman, Esquire
Virginia Bar # 23863
451 Hungerford Drive, Suite 210
Rockville, MD 20850
Tel:  (301) 469-3610
Fax: (301) 469-3611
Email: wrflaw@aol.com
*Counsel for Hoya Federal Credit Union*

2

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 4th day of May, 2017, copies of the foregoing were sent electronically, via the CM-ECF system to the following:

Scott H. Donovan, Esquire
9402 Grant Avenue
Manassas, VA 20110

Thomas P. Gorman, Trustee
300 N. Washington St. Ste. 400
Alexandria, VA 22314

and were sent by first-class mail, postage prepaid, upon the following:

Alice Jean Vasko
15378 Inlet Place
Dumfries, VA 22025

*/s/:William R. Feldman*
William R. Feldman, Esquire