UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| ALICE JEAN VASKO, | ) | Case No. 16-14014-BFK |
| | ) | Chapter 13 |
| Debtor, | ) | |
| _____ | ) | |

## SUPPLEMENTAL RESPONSE TO DEBTOR'S OBJECTION TO PROOF OF CLAIM

Creditor, Educational Credit Management Corp. ("ECMC"), by counsel, hereby supplements its response (ECF # 43) to the Debtor's Objection to Proof of Claim (ECF #25), and states as follows:

1. When the Department of Education ("ED") assigned the Debtor's four student loans to ECMC on or about December 14, 2016, the four loans had not been paid in full, according to ED's records. *See* Declaration of Chad Keller ("Keller Aff."), attached hereto as ***Exhibit 2***, which is adopted and incorporated herein by reference, at ¶ 16.

2. The National Student Loan Data System ("NSLDS) records for the Debtor's student loans erroneously showed a status code of "DP – Defaulted Paid in Full" between December 23, 2016 and March 24, 2017. *See* Keller Aff., ***Ex. 2***, at ¶¶ 12-13.

3. The paid-in-full status reporting to NSLDS by ED's Debt Management and Collection System ("DMCS") during this time period was in error as the Debtor's loan balances had transferred to ECMC but were not paid or otherwise satisfied. *See* Keller Aff., ***Ex. 2***, at ¶ 13.

4. Verification of loan status is not one of the matters for which Customer Service Representatives ("CSRs") at ED's Student Loan Support Center ("SLSC") are generally charged with answering. *See* Keller Aff., ***Ex. 2***, at ¶ 14. Moreover, CSR's at ED do not have access to the actual student loan database used by the entity that actually holds or has responsibility for

servicing student loans. *Id*. Thus, the CSR who spoke to Ms. Vasko on March 20, 2017, necessarily would have relied on the erroneously code in the NSLDS database. *Id*.

5. ED's DMCS records indicate that the Debtor's loans were assigned to ECMC on or about December 14, 2016 in the amount of $67,181.61. *See* Keller Aff., ***Ex. 2***, at ¶ 15.

6. Neither ED's records, nor ECMC's records, establish that the Debtor's student loan debt has been "paid in full" or has been "forgiven."

WHEREFORE, ECMC respectfully requests that the Debtor's Objection to Proof of Claim be DENIED.

Respectfully submitted,

Date: August 21, 2017.

 */s/ Jeffery T. Martin, Jr.*
Jeffery T. Martin, Jr., VSB #71860
Henry & O'Donnell, P.C.
300 N. Washington Street, Suite 204
Alexandria, VA 22314
703-548-2100
Fax: 703-548-2105


 */s/ Frank J. Mastro*
Frank J. Mastro, *Admitted Pro Hac Vice*
Schlossberg, Mastro & Scanlan
18421 Henson Blvd., Suite 201
Hagerstown, MD 21742
301-739-8610
Fax: 301-791-6302

*Attorneys for Creditor,*
*Educational Credit Management Corp.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this *21st* day of *August, 2017*, I served a copy of the foregoing Response to Debtor's Objection to Proof of Claim via ECF upon:

| | |
|---|---|
| George E. Marzloff, Esq.<br>The Marzloff Law Firm, P.C.<br>385 Garrisonville Road, Suite 112<br>Stafford, VA 22554<br>gmarz2@marzlaw.com<br>*Attorneys for Debtor* | Thomas Gorman, Esq.<br>300 N. Washington Street, Suite 400<br>Alexandria, VA 22314<br>*Chapter 13 Trustee* |

  */s/ Jeffery T. Martin, Jr.*
Jeffery T. Martin, Jr.